UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-cr-80182-Rosenberg/Reinhart

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LIONEL BAIN,

    Defendant.
_____/

FILED BY SW D.C.
Nov 14, 2023
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

**PRETRIAL DETENTION ORDER**

    The Court, pursuant to 18 U.S.C. § 3142, commonly known as the Bail Reform Act of 1984, hereby ORDERS the Defendant, LIONEL BAIN, detained pursuant to the provisions of Sections (b), (e) and (f).

    Defendant appeared before the Court on November 13, 2023, for a detention hearing. The Government moved for pretrial detention of Defendant on the basis that he presents a serious risk of flight under 18 U.S.C. § 3142(f)(2)(A). The Government also alleged that Defendant is a danger to the community and moved for pretrial detention of Defendant under 18 U.S.C. § 3142(f)(1)(C), on the grounds that Defendant is charged with an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46.

    The Court finds by a preponderance of the evidence that the Government does have the right to move for pretrial detention in light of the facts of this case. Specifically, after conducting a detention hearing pursuant to the Bail Reform Act, 18 U.S.C. § 3142(f), and carefully considering

1

all of the factors under § 3142(g), the Court finds that Defendant has failed to rebut the presumption under 18 U.S.C. § 3142(e)(3)(A) that no condition or combination of conditions will reasonably assure the appearance of Defendant as required and the safety of the community. The Court also finds that the Government has established by clear and convincing evidence that Defendant, if released, is a danger to the community and that no conditions or combination of conditions of release will reasonably assure the safety of community. Moreover, the Court finds that the Government has established by a preponderance of the evidence that Defendant presents a serious risk of flight or nonappearance if released pretrial and that there are no conditions or combination of conditions which will reasonably assure the appearance of Defendant as required. Accordingly, after considering all the appropriate factors, the Court finds and concludes that the facts in this case require that Defendant be detained pending trial.

## I. Findings of Fact

### A. Nature and Circumstances of the Offense

Defendant is charged by Indictment [DE 3] with one count of conspiracy to possess with intent to distribute a controlled substance (methamphetamine), in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(viii) (Count 1); two counts of distribution of a controlled substance (methamphetamine), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) (Counts 3 and 4); and two counts of distribution of a controlled substance (methamphetamine), in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii) (Counts 7 and 8). If convicted of Counts 1, 7, and 8, he is facing a mandatory minimum of 10 years in prison and up to life in prison, a mandatory minimum of five years of supervised release and up to a life term of supervised release, and up to a $10,000,000 fine per count. If convicted of Counts 3 and 4, he is facing a mandatory minimum of five years in prison and up to 40 years in prison in prison, a mandatory minimum of four years

of supervised release and up to a life term of supervised release, and up to a $5,000,000 fine per count..

### B. Weight of the Evidence

The weight of the evidence against Defendant is substantial. The Court takes judicial notice of the Indictment [DE 3]. The following evidence was established by the Indictment, the Government's proffer, and the cross-examination of Ray Paniagua, a Detective with the Palm Beach Sheriff's Office and a Task Force Officer with the Drug Enforcement Administration.

Law enforcement conducted an investigation into a largescale methamphetamine distribution operation starting in approximately April 2022. The investigation consisted of two parts: controlled buys of methamphetamine from several of the defendants in this case and intercepted wire and electronic communications through the use of wiretaps on co-defendant Victoria Yvonne Williams' telephones. Law enforcement determined that Defendant assisted Ms. Williams with the distribution of crystal methamphetamine. Specifically, Defendant participated in audio and video recorded controlled drug buys on Ms. Williams' behalf in August 2022, Defendant spent time at the stash house and placed drugs in Ms. Williams' car in December 2022 before she conducted a drug buy later that day, and Defendant brought drugs in the trunk of a vehicle to the sight of a drug sale conducted by Ms. Williams in January 2023.

### C. Defendant's History and Characteristics

The Court takes judicial notice of the handwritten Abbreviated Pretrial Services Report and the typed Pretrial Service Report. Defendant was born in 1984 and is a lifelong resident of South Florida. He has no passport and has never traveled out of the country. He has resided at the same address in Lauderhill, Florida, for the last six months. Defendant's father lives in the

Bahamas, and his two siblings live in South Florida. Defendant is single and has three children from prior relationships; all three children reside in South Florida.

Defendant obtained his GED while serving a prison sentence. He has been employed as a part-time disk jockey for the past three years and has also worked for an entertainment equipment rental company for the past six months. Defendant has no assets other than a 2015 Chrysler 200 and disk jockeying equipment. He has no liabilities. Defendant has used marijuana daily since he was 18 years old and has a medical marijuana card.

### D.  Defendant's Criminal History

Defendant's criminal history began in 2002. He has been convicted of possession/purchase/sale/delivery of marijuana (multiple times), robbery by sudden snatching, burglary of an unoccupied dwelling (multiple times), grand theft in the third degree (multiple times), driving with a suspended license (multiple times), petit theft, fraudulent impersonation—false ID given to a law enforcement officer, driving with a revoked license, uttering forced bills, possessing altered bills, possession of an unlawfully issued ID, and uttering a forged instrument. Defendant is facing pending charges of possession of MDMA (Ecstasy) and failure to register a vehicle. He has been arrested six times for violation of probation, and his probation was revoked in 2007 and again in 2019.

## II.    Reasons for Detention

When the United States seeks to detain a criminal defendant pending trial based on his status as a flight risk, it must prove by a preponderance of the evidence that no condition or set of conditions will reasonably assure his presence at trial. *United States v. Medina*, 775 F.2d 1398, 1402 (11th Cir. 1985). By contrast, where the Government seeks to detain a defendant based on a contention that he is a danger to the community, it must show by clear and convincing evidence

4

that no condition or combination of conditions will reasonably assure the safety of the community. *Id.*

In light of the nature and circumstances of the charges against Defendant, the prison time he faces if convicted, the extremely strong weight of the evidence against him, the fact that Defendant seemingly assisted his co-defendant with the distribution of crystal methamphetamine, his lengthy criminal history, his many past violations of probation, his history of using fraudulent ID's, and his pending state criminal charges, the Court finds that Defendant has failed to rebut the presumption under 18 U.S.C. § 3142(e)(3)(A) that no condition or combination of conditions will reasonably assure the safety of the community and that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court therefore finds that the Government has demonstrated by clear and convincing evidence that no condition or set of conditions will reasonably assure the safety of any other person and the community and that the Government has demonstrated by a preponderance of the evidence that Defendant presents a serious risk of flight if released pretrial and that there are no conditions or combination of conditions which will reasonably assure the appearance of Defendant as required. The Court noted many of its reasons for pretrial detention on the record at the conclusion of the hearing, which are adopted herein. Accordingly, the Court finds Defendant must be detained pending trial in this matter.

### III.   Directions Regarding Detention

For the foregoing reasons, it is hereby **ORDERED** that Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately

with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for the purpose of a court appearance.

**DONE and ORDERED** in Chambers at West Palm Beach in the Southern District of Florida, this 14th day of November, 2023.

*William Matthewman*
WILLIAM MATTHEWMAN
United States Magistrate Judge